IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW NEAL SCOTT,

    Petitioner,

v.    Civil Action No. 3:16CV804

ERIC D. WILSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Andrew Neal Scott, a federal inmate proceeding pro se, submitted this petition for a writ of habeas corpus. In the United States District Court for the Eastern District of Virginia, all pro se petitions for writs of habeas corpora must be filed on a set of standardized forms. See E.D. Va. Loc. Civ. R. 83.4(A). Accordingly, by Memorandum Order entered on October 13, 2016, the Court mailed Scott the standardized form for filing a petition pursuant to 28 U.S.C. § 2241. The Court directed Scott to complete and return the form to the Court within eleven (11) days of the date of entry thereof. The Court warned Scott that the failure to complete and return the form in a timely manner would result in dismissal of the action. See Fed. R. Civ. P. 41(b).

By Memorandum Opinion and Order entered on November 10, 2016, the Court dismissed the action because more than eleven days had elapsed since the entry of the October 13, 2016

Memorandum Order and Scott failed to complete and return to the Court the standardized form for filing a 28 U.S.C. § 2241 petition. Later that day, the Court received Scott's completed standardized form for filing a 28 U.S.C. § 2241 petition.

On November 21, 2016, the Court received from Scott a letter motion for reconsideration. The Court construes this as a motion requesting reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 8), because it was filed within twenty-eight days of the November 10, 2016 Memorandum Opinion and Order. See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Scott seemingly argues that granting Rule 59(e) relief would prevent manifest injustice in the instant action. Scott indicates that he "did not receive a copy of the Order to respond until October 24, 2016[,] the same

day that the order was due." (Rule 59(e) Mot. 1.) Scott states that he "sent out the copies as soon as I could obtain the copies and postage." (Id.) The Court finds that Scott satisfies Rule 59(e) and will grant him relief. Accordingly, the Court will vacate the November 10, 2016 Memorandum Opinion and Order and will continue to process the action.

The Clerk is directed to send a copy of the Memorandum Opinion to Scott.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 23, 2017

3